UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT HAMILTON,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5587-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by failing to provide legally sufficient reasons for rejecting the opinion of an examining psychologist. (Dkt. # 22 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1966. AR at 466. Plaintiff claims to have only a seventh-grade education but had previously reported that he obtained his GED while incarcerated. AR at 32. Plaintiff has worked as a laborer in a concrete plant, in junk yards/scrap metal business, loaded

ORDER - 1

trains, and worked in construction. *Id.* at 33, 466. Plaintiff was last gainfully employed in April 2018. *Id.* at 27.

On April 27, 2018, Plaintiff applied for benefits, alleging disability as of October 31, 2014.[1] AR at 25. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on July 1, 2019, the ALJ issued a decision finding the Plaintiff not disabled under section 216(i) and 223(d) of the Social Security Act. *Id.* at 34. The ALJ found that Plaintiff had the severe impairment of post-traumatic stress disorder ("PTSD"). *Id.* at 27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

---

[1] Plaintiff amended the alleged onset date to April 20, 2018. AR at 25.

ORDER - 2

Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

Plaintiff argues that the ALJ erred by failing to provide legally sufficient reasons for rejecting the opinion of an examining psychologist, Dr. Alysa A. Ruddell, Ph. D. (Dkt. # 22 at 1.) Plaintiff contends that the reasons the ALJ provided for his finding that Dr. Ruddell's opinion was unpersuasive were erroneous. (*Id.*) Dr. Ruddell examined Plaintiff but did not review any records. AR at 466. Dr. Ruddell based her findings on Plaintiff's self-report. *Id*. Dr. Ruddell determined that Plaintiff has severe limitations in the ability to understand, remember, and persist in tasks by following very short and simple and detailed instructions and has marked limitations in his ability to perform activities within a schedule, learn new tasks, adapt to changes in a routine setting, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, complete a normal work day, and set realistic goals and plan independently. *Id.* at 468.

The ALJ found Dr. Ruddell's opinion unpersuasive for the following reasons: (1) the opinion was inconsistent with the opinions of Dan Donahue, Ph.D. and Steven Handy, M.D; and (2) inconsistent with the Plaintiff's work history, ability to regularly attend appointments, and ability to co-parent his daughter. AR at 33. Plaintiff argues that these are not specific and legitimate reasons for rejecting Dr. Ruddell's opinion. (Dkt. # 22 at 3.) The Commissioner

ORDER - 3

counters first as to the standard the Court should apply in analyzing the ALJ's decision: arguing that the previous standard using specific and legitimate is no longer the appropriate standard. And, using the new standard, the Commissioner argues that the ALJ's decision with respect to Dr. Ruddell's opinion was supported by substantial evidence. At the threshold, the Court addresses the appropriate standard.

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Social Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision . . . . [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial

ORDER - 4

evidence standard of review, which is intended to be highly deferential standard to us."). Accordingly, the Court applies the "specific and legitimate" standard in evaluating the ALJ's decision.

### A. The ALJ Did Not Err by Finding Dr. Ruddell's Opinion Unpersuasive Because it is Inconsistent with Other Medical Opinions

As the ALJ noted, Dr. Ruddell's opinion was inconsistent with the opinions of Dr. Donahue and Dr. Handy. AR at 33. For example, unlike Dr. Ruddell, both Drs. Donahue and Handy found that the Plaintiff was calm and cooperative and had only mild attention and concentration deficits. *Id.* at 32 (citing AR at 170-71, 198-99.) The ALJ further found that Drs. Donahue and Handy's opinions were supported by the objective evidence of the record. *Id.* at 33. For example, the ALJ determined that Drs. Donahue and Handy's opinions were consistent with the results of a mental status exam finding Plaintiff only had mild attention and concentration deficits; made direct eye contact, mood was mildly anxious, was pleasant and cooperative, and that his thought process was organized and thought content was reality based. *Id.* at 29, 31. The ALJ also relied on Dr. Donahue's findings that Plaintiff was able to work in the past despite his diagnosis of PTSD as another inconsistency with Dr. Ruddell's opinion that Plaintiff would have trouble completing a normal workday and work week without interruptions from psychologically based symptoms. *Id.* at 33. Accordingly, the Court finds that the ALJ gave specific and legitimate reasons for discounting Dr. Ruddell's opinions and the ALJ's reasoning was supported by substantial evidence in the record.

\\

\\

\\

ORDER - 5

### B. The ALJ Did Not Err by Finding Dr. Ruddell's Opinion Unpersuasive Because it is Inconsistent with Plaintiff's Work History, Routine, and Childcare Duties

The ALJ also found Dr. Ruddell's opinion unpersuasive as it was inconsistent with "the claimant's work history and with his ability to regularly attend required appointments and co-parent his daughter." AR at 33. The Court addresses each basis in turn.

*a.    Work History*

Plaintiff argues that the ALJ's finding as to his work history was not supported by substantial evidence because the capacity to perform work in past, prior to the date of disability, is not a valid reason to reject a provider's opinion. (Dkt. #22 at 5 (citing *Treviso v. Berryhill*, 871 F.3d 664, 681 (9th Cir. 2017).)

The Commissioner's position is that the ALJ's reasoning with respect to Plaintiff's work history was based on evidence that Plaintiff lost his job because of his criminal history and not his PTSD. (Dkt. # 23 at 7.) The ALJ's conclusion that Plaintiff's employment was truncated for non-impairment-related reasons was also supported by Plaintiff's statement to Dr. Ruddell that he "did not want another job." (*Id.* at 7 n.1 (citing AR at 466).) An ALJ is entitled to draw inferences logically flowing from evidence that Plaintiff may not have been motivated to work. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Here, the ALJ's conclusion that there were reasons other than Plaintiff's disability that caused him to leave his prior employment and not seek new employment was reasonable.

*b.    Regularly Attend Required Appointments and Co-Parent His Daughter*

According to Plaintiff, his attempts to live a normal life, by participating in recommended mental health treatment and caring for his child, are not valid reasons to discount Dr. Ruddell's opinion that he is significantly impaired in his ability to perform effectively in the workplace.

(Dkt. # 22 at 5.) Plaintiff also contends that the ALJ's reliance on his co-parenting duties was in error because the record is silent on the details as to how he co-parents his daughter. (Dkt. # 22 at 5-6 (citing *Treviso*, 871 F.3d at 676.) The Court agrees with Plaintiff that Plaintiff's limited attempts to live a normal life, seek medical care, and care for his child are not valid reasons to discount Dr. Ruddell's opinion. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Although the ALJ erred by including these activities as a basis for discounting Dr. Ruddell's opinion, the ALJ nevertheless gave other specific and legitimate reasons for discounting the opinion and therefore the inclusion of these activities is harmless error. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (as long as remaining reasons are valid, providing improper reasons is harmless error).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 9th day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge